```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                       CHARLESTON
```

**JONATHAN D. EADS,**

      **Plaintiff,**

v.                                    Case No. 2:10-cv-00136

**WEXFORD HEALTH SOURCES, INC.,**
**SUBHASH GAJENDRAGADKAR,**
**DAVID PROCTOR, TRISTAN TENNEY,**
**EMIL A. DAMEFF, and KIMBERLY LAUDER,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On February 10, 2010, while incarcerated at the Mount Olive Correctional Complex, in Mount Olive, West Virginia, Plaintiff filed a Complaint under 42 U.S.C. § 1983, asserting that the defendants have violated his right to receive adequate medical treatment, as guaranteed by the Eighth Amendment to the United States Constitution, while he has been incarcerated at two different West Virginia Division of Corrections facilities. (ECF No. 2). This matter is assigned to the Honorable Joseph R. Goodwin, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

The original Complaint drew Motions to Dismiss (ECF Nos. 26 and 28). Subsequent to the filing of the Motions to Dismiss,

however, Plaintiff moved for leave to file an Amended Complaint, which is a more detailed version of his original Complaint and added four additional defendants (ECF No. 33). The Amended Complaint also alleges that the defendants acted negligently. (Id.) On January 27, 2011, the undersigned granted the plaintiff leave to file his Amended Complaint (ECF No. 39).

On January 28, 2011, the undersigned submitted a Proposed Findings and Recommendation which recommended that the plaintiff's claims against the West Virginia Division of Corrections ("WVDOC") defendants be dismissed, but further recommended that the claims against the remaining defendants go forward. (ECF No. 41). On January 28, 2011, the undersigned also entered a Time Frame Order concerning proceedings against the remaining defendants. (ECF No. 42).

On February 11, 2011, defendants Wexford Health Sources, Inc., Emil A. Dameff, Kimberly Lauder, Subhash Gajendragadkar, David Proctor, and Tristan M. Tenney (hereinafter "the Wexford Defendants") filed a Motion to Dismiss Amended Complaint (ECF No. 45) and a Memorandum of Law in support thereof (ECF No. 46). The motion asserts that the plaintiff's Amended Complaint fails to state a claim upon which relief can be granted against any of the Wexford Defendants. On February 24, 2011, Chief Judge Goodwin adopted the undersigned's Proposed Findings and Recommendation and dismissed the WVDOC defendants. (ECF No. 48).

On May 4, 2011, the undersigned received a letter from defendants' counsel, Joseph M. Farrell, Jr., indicating that the plaintiff had been released on parole. The plaintiff has not advised the court of his release from prison and has not provided any new contact information to the Clerk's Office.

The undersigned's staff contacted the plaintiff's parole officer and determined that the plaintiff was paroled on March 17, 2011. The undersigned's staff also acquired the plaintiff's current address and phone number. The undersigned's staff has unsuccessfully attempted to contact the plaintiff by telephone to determine whether he intends to further pursue this matter.

The plaintiff has not responded to the Wexford Defendants' Motion to Dismiss, despite the fact that he was incarcerated at the time the motion was filed. There is no indication on the docket sheet that the plaintiff did not receive the motion. According to Mr. Farrell's letter, the plaintiff also failed to respond to discovery requests which were served on him prior to his release on parole.

Thus, on June 17, 2011, the undersigned entered an Order directing the plaintiff to advise the undersigned's staff by telephone of his intent to proceed with this matter. The plaintiff was notified that the failure to contact the undersigned's chambers by 5:00 p.m. on June 24, 2011 would result in the undersigned's recommendation to the presiding District Judge that this matter be

dismissed for failure to prosecute.  The plaintiff did not contact the undersigned's chambers within the ordered time frame, and no written confirmation of the plaintiff's intent to pursue this case has been received.

For these reasons, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff has wholly failed to prosecute this civil action.  Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** this matter without prejudice for failure to prosecute and that the pending Motion to Dismiss filed by the Wexford Defendants (ECF No. 45) be **DENIED WITHOUT PREJUDICE.**

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of this Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Chief Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and to transmit a copy of the same to counsel of record.

June 28, 2011
Date

Mary E. Stanley
United States Magistrate Judge